IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTINA BROWN,	Civ. No. 08-827-AA

    Plaintiff,	OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

Rory Linerud
P.O. Box 1105
Salem, OR 97308
    Attorney for plaintiff

Kent S. Robinson
Acting United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Willy M. Le
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
    Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff Christina Brown seeks judicial review of the Social Security Commissioner's final decision denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. § 405(g). The decision of the Commissioner is affirmed.

## BACKGROUND

On September 30, 2002, plaintiff applied for DIB. Tr. 70. After plaintiff's applications were denied initially and on reconsideration, plaintiff timely requested a hearing before an administrative law judge (ALJ). Tr. 36-48. On August 4, 2004, plaintiff, her husband Dusty Brown, and a vocational expert appeared and testified before the ALJ. Tr. 590-623. On February 10, 2005, the ALJ issued a decision finding plaintiff able to perform her past relevant work and not disabled within the meaning of the Act. Tr. 25-30. On May 8, 2006, the Appeals Council denied review, rendering the ALJ's decision the final agency decision for purposes of judicial review. Tr. 4-6.

Plaintiff sought judicial review and on May 24, 2007, this court reversed and remanded the Commissioner's decision for further administrative proceedings "to consider Mr. Brown's testimony" and "provide reasons germane to Mr. Brown's testimony" if the ALJ rejects it. Tr. 644. The court otherwise found no error in the ALJ's adverse credibility determination, evaluation of the medical evidence, or vocational analysis. Tr. 635-44.

On June 25, 2007, the Appeals Council remanded this case to an ALJ "for further proceedings consistent with the order of the [district] court." Tr. 647. On April 25, 2008, the ALJ issued a written decision again finding plaintiff not disabled under the meaning of the Act. Tr. 627-34. In so ruling, the ALJ incorporated the findings from the February 2005 decision and evaluated the lay testimony of Dusty Brown and other lay witnesses. Plaintiff again seeks judicial review.

At the time of the ALJ's decision, plaintiff was sixty-three years old with a high school education and past relevant work as a sales associate/assistant manager and a secretary/office manager. Tr. 70, 91, 620, 632. Plaintiff alleges disability since July 22, 1996 due to tremors, fibromyalgia, chronic pain, degenerative disk disease, and degenerative joint disease of the cervical spine. Plaintiff's disability insurance coverage expired on December 31, 2001; thus, plaintiff was required to establish that she was disabled under the Act before December 31, 2001.

## DISCUSSION

Plaintiff contends that the ALJ failed to develop the record by failing to conduct an administrative hearing on remand and denying plaintiff the opportunity to attend and present additional evidence. Plaintiff raises no other claim of error.

Plaintiff relies solely on a form letter issued by the Hearings Officer regarding the hearings process after remand. I recognize that the letter indicated a Notice of Hearing would be sent at least twenty days before the date of the hearing and explained plaintiff's rights with respect to such hearing. Tr. 648-49. However, no hearing was ultimately scheduled and plaintiff cites no authority for the proposition that a letter from the Hearings Office establishes a right to an administrative hearing on remand. Thus, I look to the relevant regulations.

"When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision." 20 C.F.R. § 404.983. "If the case is remanded by the Appeals Council, the procedures explained in § 404.977 will be followed." Id. Here, the Appeals Council remanded the case to an ALJ. Pursuant to 20 C.F.R. § 404.977, the Appeals Council may remand a case to an ALJ "so that he or she may hold a hearing and issue a

decision or a recommended decision," to obtain "additional evidence" when needed or to take "additional action" as required. Id. § 404.977(a). Once a case is remanded, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." Id. § 404.977(b).

In this case, the district court remanded the case "to consider Mr. Brown's testimony." Tr. 644. Similarly, the Appeals Council remanded the case to the ALJ "for further proceedings consistent with the order of the [district] court" and directed the ALJ to "take any further action needed to complete the administrative record and issue new decision." Tr. 647. Because Mr. Brown had submitted lay witness statements and testified in the previous administrative hearing, tr. 157-65, 609-18, it was not necessary to conduct a second hearing to complete the administrative record. Finally, the ALJ issued a written decision that addressed Mr. Brown's lay witness statements and testimony and provided legally sufficient reasons for finding his testimony not supportive of disability. Tr. 630-31. I therefore find no error.

## CONCLUSION

For these reasons, the ALJ's finding that plaintiff is not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 5 day of ~~September~~ October, 2009.

Ann Aiken
Chief United States District Judge